UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 13-CV-1164-H

KIM C. KEELEY                                                      APPELLANT

V.

JAMES ALLEN GRIDER                                        APPELLEE

**MEMORANDUM OPINION AND ORDER**

This is an appeal from the order of the Bankruptcy Court dated September 30, 2013, denying a motion to modify a final judgment pursuant to Rule 60(a), Federal Rules of Civil Procedure. The Appellant here is a creditor to the bankruptcy debtor. In August 2012, Appellant instituted an adversarial proceeding against the Debtor-Appellee seeking a monetary judgment of $300,000 plus interest and a declaration that the debt was nondischargeable under 11 U.S.C.A. § 523(a)(1)(A) due to fraud in its obtainment. Debtor-Appellee received summons yet failed to answer. In October 2012, Appellant obtained an Entry of Default and subsequently a Judgment by Default entitling her to $384,375.00. Neither the judgment nor the affidavit required to obtain it referred to the debt as non-dischargeable. Nearly one year later, in August 2013, Debtor-Appellee received discharge in bankruptcy and Appellant sought a correction in the default judgment to deem the debt non-dischargeable.

On an appeal from a bankruptcy court, a district court applies the "clearly erroneous" standard of review to findings of fact, and reviews questions of law de novo. *In re Gardner,* 360 F.3d 551, 557 (6th Cir. 2004).

The parties have set forth the relevant circumstances. First, there seems to be no question that the final result in Appellant's adversarial proceeding is precisely as the Bankruptcy Court intended. Indeed, the clerk of the court entered a default monetary judgment at Appellant's request, and exactly as the proposed order requested. The Bankruptcy Court declined to correct it on the grounds that to change a judgment from a monetary one to also include declaratory relief would affect the substantive rights of the parties. It emphasized, "Rule 60(a) allows a court to correct records to show what was done. It is not designed to be used to change a judgment to reflect what should have been done." DN 1 at 421 (internal quotation omitted).

This Court agrees with Appellee that it would have been inappropriate for the Bankruptcy Court to add declaratory relief to the default judgment. To do so would have been beyond the scope of relief allowed under Rule 60. Moreover, the Court agrees that because Appellee did not obtain a judgment in fraud, she could not add such relief under Rule 60.

A separate concept supports the Bankruptcy Court's decision and its effect. Appellant requested default judgment pursuant to Fed. R. Civ. P. 55(b)(1): "If the plaintiff's claim is for a sum certain . . . the clerk–on plaintiff's request, with an affidavit showing the amount due–must enter judgment for that amount . . .." Declaratory relief that a debt is nondischargeable is plainly not a claim for a sum certain or a sum that can be computed. A declaratory judgment could have been entered only by the court–not the clerk–pursuant to Rule 55(b)(2), which states, "In *all other cases*, the party must apply to the court for a default judgment." Rule 55 applies in its entirety to adversary proceedings, see Fed. R. Bankr. P. 7055, and under this Court's reading of rule, Appellant simply did not proceed under the appropriate prong of the rule.[1] Appellant

---

[1]This distinction is not as technical as it may appear. Rule 55(b)(2) provides for hearings "when, to enter or effectuate judgment, it needs to: . . . (C) establish the truth of any allegation by the evidence; or (D) investigate any other matter." A declaratory judgment in Plaintiff's favor would likely have required such a hearing; the court at the very least would have needed to test whether Appellant pled the fraud she alleged with the requisite particularity

2

argues that regardless of whether one proceeds under 55(b)(1) or 55(b)(2), there is but one form to request judgment by default and it does not require applicants seeking monetary relief to designate a debt as "nondischargeable." However, boilerplate forms necessarily require the use of substantive judgment to complete them; Appellant demonstrated this understanding by modifying the form to include language to grant monetary judgment in October 2012.

At best, the Bankruptcy Court had some discretion to determine whether the original monetary default judgment was intended to include a more specific judgment in fraud or should have been interpreted in that manner. This Court concludes that Bankruptcy Court acted within its discretion to deny the request for an amended or corrected judgment.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Appellant's appeal is DENIED and this case is DISMISSED WITH PREJUDICE.

This is a final order.

cc:   Counsel of Record

---

before entering judgment in Appellant's favor on the dischargeability issue. *See, e.g.*, *In re Mankins*, 2009 WL 1616012, at *2 (analyzing creditor's motion for default judgment under Fed. R. Civ. P. 55(b)(2) and noting, "Where the plaintiff has alleged fraud, the Court is required to evaluate the evidence to ensure that a *prima facie* case has been made.") (internal citation omitted).